UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

Civil No. 12-CV-14787
Honorable Denise Page Hood

THREE HUNDRED THIRTY SEVEN THOUSAND THREE HUNDRED TWENTY EIGHT DOLLARS AND SIXTY THREE CENTS ($337,328.63) FROM FLAGSTAR ACCOUNT #587542830 IN THE NAME OF 1ST CHOICE HOME CARE, *et al.*;

       Defendants *in Rem*.
_____/

**AMENDED ORDER GRANTING PLAINTIFF'S MOTION
TO LIFT STAY AND TO ENTER AN ORDER TO
TRANSFER THE DEFENDANT *IN REM* $64,591.38 [#51]**

**I.    Introduction and Factual Background**

In case number 12-20272 (the "criminal case"), Jamella Al-Jumail was charged, along with 12 other defendants, with health care fraud. Ms. Al-Jumail was convicted and her sentence includes, among other things, restitution to the U.S. Department of Human Services ("HHS") in the amount of $589,516.69. According to the Government, that entire amount remains outstanding.

In conjunction with the criminal case, the Government filed a Complaint for Forfeiture on October 29, 2012 with respect to numerous bank accounts, investment

accounts, jewelry, gift cards, and a vehicle (the "defendants *in rem*"). No putative claimants filed a verified claim to any of the defendants *in rem*, though Ms. Al-Jumail did file an administrative claim to the FBI on August 12, 2012 with respect to $64,591.38 in Comerica Account #1852602588 in the name of Be Well Home Care, LLC ("$64,591.38"), which account she owned. Attorney Maria P. Mannarino has appeared on behalf of Ms. Al-Jumail at the proceedings in this matter, as noted below.

On March 14, 2016, the Court stayed the proceedings in this civil case. On July 26, 2016, the Government filed a Motion to Lift Stay and Enter Order to Transfer $64,591.38 from Comerica Account #1852602588 to the Clerk of the Court to be applied toward the $589,516.69 in restitution owed by Defendant Jamella Al-Jumail. No written response to the Government's motion has been filed.

The Court scheduled a hearing on the Government's motion for November 1, 2016. The Government attorney and Ms. Mannarino, appearing on behalf of Ms. Al-Jumail, were present. Ms. Mannarino was Ms. Al-Jumail's attorney in the criminal case. Ms. Mannarino was not specifically retained by Ms. Al-Jumail for this matter, but no one had filed an appearance on behalf of Ms. Al-Jumail and Ms. Al-Jumail remains in federal custody on the criminal case. On August 18, 2016, the Court had appointed Ms. Mannarino as CJA Counsel to represent Ms. Al-Jumail, an interested party. At the November 1, 2016, hearing Ms. Mannarino advised the Court that Ms.

Al-Jumail had indicated to Ms. Mannarino that Ms. Al-Jumail would be seeking a civil attorney to represent her regarding this matter. The Court adjourned the hearing for approximately 90 days to allow Ms. Al-Jumail to obtain such an attorney.

On March 1, 2017, the Court held a second hearing regarding the Government's motion. Ms. Mannarino again appeared on behalf of Ms. Al-Jumail. Ms. Mannarino advised the Court that her client (and her client's family) recently informed Ms. Mannarino that they had obtained "new" counsel for Ms. Al-Jumail. Ms. Mannarino further advised the Court that she had contacted the "new" counsel for Ms. Al-Jumail. The "new" counsel had informed Ms. Mannarino that he was handling a collateral appeal of Ms. Al-Jumail's criminal case, but he was not representing Ms. Al-Jumail with respect to the instant matter. Ms. Mannarino continued to represent Ms. Al-Jumail at the March 1, 2017, presenting argument in opposition to the Government's motion.

## II. Applicable Law

A criminal restitution order may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §§ 3613(a), 3613(f). The Treasury Offset Program, *see* 31 U.S.C. § 3716, subjects to offset "all funds payable by the United States," 31 USC § 3701(a)(1), to an individual who owes delinquent federal debts, unless the payment

is exempted from offset by statute or regulation.

### III. Analysis

In the words of the Government, it is "seek[ing] relief which would essentially reach the same result, but more swiftly and expediently, as an order to the [United States Marshal Service] to transfer the funds to the Clerk of the Court to be applied to Al-Jumail's outstanding criminal restitution judgment." The Government argues, and the Court finds, that there is no dispute that the money Ms. Al-Jumail owes to HHS is considered a "debt" and that the United States is authorized to collect on behalf of the victim. The Government contends, and the Court finds, that any litigation by Ms. Al-Jumail of her right, title, or interest in the $64,591.38 in this forfeiture proceeding would be a futile expenditure of Government and judicial resources.

At the end of the case, even if victorious, Ms. Al-Jumail would not personally recoup the $64,591.38 because it would be subject to collection by the United States to be paid toward restitution owed to HHS:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n). In other words, pursuant to 18 U.S.C. § 3664(n), as an

incarcerated person obligated to pay restitution, Ms. Al-Jumail would be required to apply the value of any judgment in this forfeiture case to her restitution obligation. In light of Ms. Al-Jumail's outstanding restitution obligation and the mandatory provisions of 18 U.S.C. § 3664, the Court concludes that any attempt by Ms. Al-Jumail to seek return of the $64,591.38 would be a claim made without a good faith basis for personal recovery.

## IV. Conclusion

For the reasons stated above, IT IS ORDERED that the Government's Motion to Lift Stay and Enter Order to Transfer $64,591.38 from Comerica Account #1852602588 to the Clerk of the Court [#51] is GRANTED.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 22, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager